[No. 22089. Department Two. July 11, 1930.]

EMILY HANDY, *Respondent*, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, *Appellant.*[1]

*Grinstead, Laube, Laughlin & Lichty,* for appellant.
*Chas. W. Johnson,* for respondent.

[1]Reported in 289 Pac. 1008.

FULLERTON, J.—In this action, the respondent, Handy, recovered against the appellant, Massachusetts Bonding and Insurance Company, on a supersedeas bond.

The proofs relating to the preliminary proceedings which gave rise to the execution of the bond were somewhat narrowly restricted at the trial, but the following facts are gathered therefrom: Sometime prior to June 30, 1928, the respondent was the owner and proprietor of a restaurant located in the city of Seattle, known as the Caledonian Coffee Shop. By fraud practiced upon her by one Lowe and one Charles, she was induced to sell and transfer the restaurant to Charles. Later, on discovering the fraud, she brought an action against Lowe and Charles to recover the property. She was successful in the action, and was awarded a decree as of the date above given for a return of the property.

At the time the decree was entered, Lowe and Charles appealed therefrom to this court. They desired to stay the enforcement of the decree pending the appeal, and asked the court to fix the amount of a supersedeas bond. This the court did, fixing the amount of the bond at the sum of $2,500. The bond was immediately furnished, with the appellant in the present action as surety, and the appeal otherwise perfected in this court.

On July 16, 1928, Lowe and Charles decided to abandon the appeal, and on that day notified the respondent of their decision, and at the same time made a written tender of a return of the property to the respondent. The appeal, however, then remained pending in this court, and the tender of the return of the property was made subject to conditions not warranted by the decree, and the respondent refused to accept the tender. Later on, Lowe and Charles filed a formal

motion for the dismissal of the appeal, and noted it for hearing on October 19, 1928. On that day, the motion was heard and the appeal ordered dismissed, the order being without prejudice to any right the respondent might have against the supersedeas bond. The remittitur of this court on the order of dismissal was issued on October 24, 1928, and was received and entered by the trial court on October 29 of the same month.

On October 23, 1928, Lowe and Charles made another written tender of the property. This tender, after citing certain of the proceedings theretofore occurring in the cause, and reciting that the supreme court had dismissed the appeal on October 19, 1928, concluded as follows:

"You and each of you are hereby notified that these defendants, and each of them, will not be responsible for the care or occupancy of said restaurant subsequent to 12:00 o'clock noon of Tuesday, October 23, 1928; and

"You and each of you are hereby notified that these defendants again and do hereby tender you the key to said restaurant, and if you fail and neglect to accept said key or to take said restaurant not later than 12:00 o'clock noon, Tuesday, October 23, 1928, that these defendants will lock said restaurant, deliver said key to the landlord thereof, and pay no further attention to said restaurant.

"You are further notified that these defendants have a claim against said restaurant for rent, running expenses and money advanced on mortgage, etc., subsequent to July 16, 1928.

"Dated at Seattle, Washington, this 22d day of October, 1928."

The record does not show at what hour of the day this tender was served on the respondent, but it appears that she decided to accept the tender, and at about the hour of three o'clock in the afternoon of that day, she, with her attorney, went to the restaurant for

the purpose of taking it into possession. She found the restaurant open for the transaction of business, although there were evidences that preparations for closing it were then in progress. She found the restaurant in charge of employees, neither Lowe nor Charles being then present. She, however, proceeded to take possession, and was in the act of preparing to continue the business when Charles returned. Charles immediately ordered her out, but she refused to obey the order. Lowe shortly thereafter came in and repeated the order. This order she also refused to obey, when Lowe, to use the language of one of the witnesses, "took Mrs. Handy [respondent] by the shoulder . . . and just waltzed her around the counter and very rudely pushed her out."

The respondent treated the action of Lowe and Charles as a conversion of the property, and on October 25, 1928, began the present action on the supersedeas bond to recover its value. The complaint was in form that usual under our practice for the recovery of property wrongfully converted. The appellant defended on the theory that the tenders of a return of the property made on July 16, 1928, and October 23, 1928, relieved it of its obligation under the supersedeas bond. There was a trial by jury which resulted in a verdict and judgment against the appellant for the full amount of the penalty of the bond.

The appellant, in this court, urges upon us the contention that the tenders of a return of the property relieved it of its obligation under the bond. But we cannot think the contention well founded. The first of the tenders was made when the appeal from the decree in which a return of the property was ordered was still pending in this court. She was not obligated to accept, as conclusive of the question, the appellant's statement that it had abandoned its appeal. Possibly, had she

accepted a return of the property and the appellant had thereafter continued to prosecute the appeal, she could have pleaded the declaration of abandonment as a defense to such further prosecution, but the plea would involve questions of both law and fact, with the risk of a holding adverse to her, and manifestly this was a risk she was not legally obligated to assume. Moreover, the tender was not unconditional, such as she was entitled to under the decree.

The second tender, that of October 23, 1928, made after this court had ordered the appeal dismissed, the respondent concluded to accept. But when she went to the restaurant for that purpose, she found Lowe and Charles still in possession, and when she undertook to take possession, she was refused possession, and on her persistence in an effort to obtain possession, was forcibly ejected from the premises. This, we are clear, was a conversion of the property, and gave the respondent the right to resort to the supersedeas bond.

The appellant argues, however, that the rights of Lowe and Charles to the possession of the property had not terminated at the time of the claimed conversion; this because the remittitur of this court, sent down after the dismissal of the appeal, had not then been filed and entered in the superior court. But they had notified the respondent that they would abandon possession and lock up the restaurant at the noon hour of that day, and she had the right to rely upon that notification if she desired to do so. Neither Lowe nor Charles nor their bondsman will now be permitted to say that they did not intend the consequences of their acts. They cannot be permitted to play fast and loose with the respondent. Whether the tender was made in good faith or whether it was sham and frivolous, they are equally estopped by their acts.

The appellant complains of certain instructions given by the court to the jury. But these we need not specially notice. They are correct on the theory of the law adopted by the court, which we herein approve.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.